Plaintiff and defendants have filed applications for rehearing.
Plaintiff, Mrs. Nell Thibodaux Bergeron, individually and as natural tutrix of her minors, in her application for rehearing, contends that we erred in reducing the awards made by the trial court to her and to her minor children rather than grant them an increase. After a reconsideration of the case, we are firm in our opinion that the awards made by us do substantial justice among the parties in this case. However, we find that through inadvertence, we lowered the award due to plaintiff for burial expenses by the sum of $5.50. This error will be corrected.
The chief complaint of the defendants, in their application for rehearing, is the brevity of our reasons for the affirmance of the judgment holding the defendants liable. After reviewing the record, we could see no useful purpose in setting out the substance of the testimony of each witness and discussing the same. We were reviewing a case involving purely a question of fact. We could find no manifest error in the finding of fact of the trial judge relative to finding liability against the driver of the Saia truck. The defendants complain of our laying too much stress on the testimony of Harold Dean and the overlooking of the testimony of Harold Verret, the driver of the Saia truck. The trial court, in his reason for judgment, favorably commented on the testimony of Harold Dean. We see no reason to disagree with the trial court. The trial court did not accept the version of Harold Verret as to how the accident happened and neither can we.
Our decree is amended by increasing the award of Mrs. Nell Thibodaux Bergeron by the sum of $5.50, making a total award to her of the sum of $10,555.50. The applications for rehearing are refused.